We have three cases on the calendar this morning, two patent cases and a government employee case. The latter and one of the patent cases are being submitted on the briefs and will not be argued. The only case that is being argued is Semiconductor Energy Laboratory v. NAGATA, 2012-12-45. Mr. Taggart. May it please the Court, Lee Taggart on behalf of Plaintiff Appellant Semiconductor Energy Laboratory Company Limited. The false claim that SEL's patent is unenforceable due to SEL's position can be summarized very quickly. First, Dr. Nagata reached his fundamental duty as a patent assignor that is the basis for the patent assignor estoppel doctrine. The district court denied SEL the opportunity to take discovery on the privity that existed between Samsung and Dr. Nagata, even though SEL had pled substantial facts supporting a finding of privity. If privity was established at the district court, then the artful pleading doctrine gives the district court jurisdiction over the causes of action. What is your case authority for the existence of a federal cause of action? For the existence of a federal cause of action, not a bar. There is no case directly on point on the patent assignor estoppel doctrine as an affirmative cause of action. However, Diamond Scientific makes it clear that there is a fundamental duty that underlies that patent assignor estoppel doctrine, and it's the breach of that duty that we are here about today. It's the breach of that duty by Dr. Nagata that this case turns on. And that is involved not just in our request, SEL's request for declaratory relief under the Declaratory Judgment Act, but it's also involved in the additional causes of action that we pled in the first amended complaint. And each of those involves that substantial question and turns on that question of the breach of the patent assignor's duty not to undermine the patents that he assigned, and therefore to deprive SEL as an assignee of the value of what he assigned. Is that a federal cause of action? It's not a federal cause of action per se at this time. That's one of the positions that we argued below to the district court and to this court. However, the duty that underlies the patent assignor estoppel doctrine is just as strong in this case, perhaps arguably stronger than in some of the other cases where the patent assignor estoppel doctrine has been found to supply an affirmative defense. And the reason for that is because in this case, Dr. Nagata first, many, many years after having assigned his patent rights and been fully paid, came back to SEL after some litigation in which he realized that those patent rights became quite valuable. He attempted to extort money from SEL by demanding that he be paid for a period of four years, demanding that he be paid additional compensation for his inventorship many years earlier. Only when that failed and when SEL came to Dr. Nagata and asked him to assist in a later patent suit against Samsung, did Dr. Nagata not only refuse to assist, but then go to Samsung and... How is that extortion different than the gratuity that he got for his prior testimony? Well, because the issue in the gratuity that he got, the $76,000 that he was paid by SEL, was that SEL asked for his cooperation in connection with the earlier litigation against Acer. He supplied that cooperation and assisted in a variety of ways, doing patent research, finding documents, and supporting the cause of action that was based in part on patents that he was the co-inventor of. When he comes to court on behalf of Samsung and having entered into an agreement to be paid in advance a minimum amount of money, plus $350 an hour, it's a whole different thing. There's no agreement on the front end for Dr. Nagata to be paid by Semiconductor Energy Laboratory for that work that he did in the case. Nevertheless, because the case was successful, they compensated him afterward. Everything you've been saying up to this point, as I hear you, seems to go to the assertive egregiousness of the conduct and the severity of the breach of the perceived duty. How does that give you a cause of action? If you don't have an action for a particular sort of tort, the fact that the claims tort may be a particularly aggravated form doesn't change the calculus. The duty that we're talking about is a federal duty under the patent law. This court has recognized it in Diamond Scientific. It's quoted Justice Felix Frankfurter on that point. That duty, that fundamental duty, not just underlies the declaratory judgment relief that we have sought, but it also underlies things like the quiet title action and the slander of title action. It's admittedly difficult to know exactly how to characterize the actions of Dr. Nagata in order to obtain a remedy for this harm. It's a very significant harm, however, and it arises directly from the breach of the duty. Even though we acknowledge that this is an unusual fact pattern in terms of the assigner-restoppel doctrine, it clearly implicates that fundamental duty that underlies the doctrine. It's that breach of duty that Diamond Scientific talked about so clearly as being the patent assignor having once been paid for the assignment of his patent under the at least implicit representation that it has value, coming back and now being paid on the opposite side of the equation for arguing or assisting in arguing that it has no value. And that's really the issue that we're addressing here. We have a situation where that inventor, in fact, came in after the fact, many, many years after the fact, after many years of cooperation and not challenging, having been unsuccessful in getting this money from SEL, and now is, for a guaranteed minimum compensation plus an hourly rate, is breaching that duty expressly to allow Samsung to continue its improvement. Do you assert that duty for the bar in the Samsung litigation? The Samsung litigation ended very quickly after Dr. Nogata's testimony came in. In October of 2009, SEL approached Dr. Nogata. In December of 2009, he gave that declaration. The court decided the summary judgment motions in that case in May. A deposition was taken of Dr. Nogata. We were not counsel in that case, and Samsung effectively sealed the record of that case under protective order. So you don't know if it was asserted? We know that the issue of Dr. Nogata's testimony and the veracity of that testimony was challenged. We know that... Challenged under the estoppel doctrine? That I don't know, Your Honor. That I don't know. And I don't know whether the counsel in that case was principally a patent practitioner or general practitioner. I don't know that answer. It would seem that would be your remedy that you're asserting now. But that is certainly Dr. Nogata's position, but it's not really a remedy. There's a procedural aspect to that. There's a process that allows us to test that testimony in that circumstance. The issue that we have here is that the district court in Wisconsin would not rule on the inequitable conduct issue. Said, although we were doing quite well on other issues, we got a partial grant of infringement on some of the elements of infringement. The invalidity of the patent was held over for trial, as was the inequitable conduct. The case settled at that point. SEL contends on the First Amendment complaint, which are the facts before the court, that that costed a substantial amount of money in the settlement with Samsung. We're now faced with a situation of seriatim additional litigation. This patent has a life until 2022. It's a fundamental patent in the semiconductor area. Do we deal with that issue in every individual case going forward, knowing that it will come likely at the end of the case? Why can't you, if you think you have a valid estoppel, why can't you assert it in any such case? Well, I believe that we could assert a valid estoppel under the circumstances where Dr. Nogata comes in again, is paid for his testimony as an inventor to challenge. Why not? Certainly. But will that be at the inception of the case and dealt with once, or will that be at the end of the case after the parties have spent millions of dollars in great risk in the patent litigation, which is essentially what happened here. He came in at the 11th  What you're trying to do is convert a shield into a sword, right? If the analysis, actually, that the district courts started to do, but stopped midway in terms of analogizing to the promissory estoppel document. And shields and swords are different instruments, different purposes. They are, Your Honor. And in certain circumstances, they serve both. I'm not sure why the promissory estoppel analogy works for you. It so happens that the same word is used for both concepts. But I'm not sure that the promissory estoppel does anything more than provide a substitute for consideration in a contract breach case. Isn't that what promissory estoppel is? However, based on the, it is, but it's based on the doctrine, the underlying doctrine, if you trace the development of that case, as we've done in our brief, from the underlying equitable consideration of once you have encouraged somebody to change their position in reliance upon what it is that you have promised, you should be a stop from being able to then take back that promise. Right, but the question we're dealing with is not, doesn't have to do with the equities of the position of the respective parties, but rather whether there's a cause of action. Let me ask you this. Do you think that one could bring a declaratory judgment of patent validity in a federal court? Not patent invalidity, but patent validity. You think that it's likely that people out there would, prospective defendants in your infringement actions that you might bring, might be inclined to challenge validity of the patent, and therefore you want a declaratory judgment of validity. Well, I think that hypothetical is far from our facts, because it doesn't arise from the specific circumstances where it's already been done. And under the circumstances where somebody had challenged the validity and asserted the validity, the invalidity of the patent, I don't know, I haven't evaluated the issue of whether there's a declaratory relief there. I see that my yellow light is on. You can fully answer the question and then save the rest of your time. Sure. Let's suppose in one case a witness had asserted something that would have contributed to a finding of invalidity. That case was settled. And now you know that that issue may come up in additional cases. You want to file an action, a declaratory judgment of patent validity. Do you think that is within the jurisdiction of the federal district court under Section 1333? No, not under those facts. And the distinction, I think, from our case is that in our case what we have is that underlying duty and obligation of the inventor not to do that. And what's lacking in the hypothetical that the court provided is that underlying and fundamental duty, which is the heart of this case and the essence of the harm that was done to SEL in this case. Are you asserting a common law tort? We have asserted common law torts that turn in part on the fundamental substantial federal question and under the Artful Pleading Doctrine we believe there's also a jurisdiction in the court. I see that my time's up and I'd like to reserve for the remainder of the... We will save the remainder of your time, Mr. Taggett. Ms. Turner. Good morning, Your Honors. May it please the court? My name is Julie Turner and I represent the appellee and defendant below Dr. Yuchiro Nagata. I think the questions that the court has asked go right to the heart of the matter. Is there a federal claim here? And the plaintiff has acknowledged in oral argument and here today that currently there is no federal claim. What the plaintiff is asking for is that the court create a federal claim based on an estoppel doctrine. Now, the doctrine of assign or estoppel says that if one assigns a patent one may not later, when accused of infringement usually, as a party, defend, assert a claim that the patent is invalid. However, this court and courts below have held many times that inventors and assigners may in fact testify on behalf of a party that was a stranger to the assignment in ways that bear on the invalidity of a patent. This is because the estoppel doctrine is designed to prevent a party from challenging the validity of a patent being asserted against him that he assigned. Here what we have in the underlying case against Samsung is a party Samsung that was not part of the assignment. According to the allegations, Dr. Nagata agreed to help Samsung by providing percipient testimony about whether or not he had signed certain documents. If you go down this road of analysis which is one of several different roads that one can follow, then you have to deal with the privity issue, don't you? Yes, I do, Your Honor. But there are other routes to the conclusion that there's no jurisdiction here that don't require you to... Judge Breyer followed routes that do not require you to address privity, isn't that correct? That is correct, Your Honor. Are you planning to address the non-privity issues or are you just going to argue based on the theory that this is not within the scope of assign or estoppel, this kind of conduct? Well, I would definitely argue the latter and I'm curious as to which of the non-privity issues... Well, the whole question of whether there is any cause of action for a claim of assign or estoppel where the plaintiff wants to serve assign or estoppel and have the court provide a ruling that either yes or no, there is a defense of assign or estoppel in a particular case. Whether that is a claim that belongs in federal court at all. Without the context of an affirmative claim of infringement in the course of which that issue comes up. So that's the broader disposition that Judge Breyer began with. What you're saying now really is one of his alternative grounds as I read his opinion. Yes, Your Honor, and I think the reason is that plaintiff conceded that there is no claim for assign or estoppel an affirmative claim for relief. They conceded that below and they've conceded it in their papers too. I think they've said that there hasn't yet been one but they're looking for one here. The nature of the common law is that it's always open to a court to create a new doctrinal basis for relief if the policy reasons and precedents suggest that it should be created. That's what they're asking for. The fact that it hasn't been done before doesn't mean it cannot be done now. That is absolutely correct, Your Honor. You raised a very good point which is could a patent holder raise a declaratory judgment action for validity? In other words, could they create an action in this case based on assign or estoppel but one could imagine others where they can seek to foreclose testimony and subsequent infringement actions that they might bring by seeking a declaration that whatever is untruthful or impermissible in some way. I suggest that the declaratory judgment act does not extend that far to permit such a claim to be made. Yes, I believe that Judge Breyer is correct that it would not be proper to allow such a claim in this instance for the purpose of preventing future testifying acts by making a finding now that this testimony would not be true or the testimony might be estopped in the future. So that is definitely a basis on which to uphold the lower court's decision. Let me ask you this. With respect to the question of whether the state law claims really do raise federal issues to render them arising under within the meaning of 1331 or 1338 in this case. Franchise Tax Board and Christiansen provide two routes to federal jurisdiction. One is does the federal claim create the cause of action which isn't present here or plainly not present here. The other question is the other question is the other route to federal jurisdiction is it necessary to decide the federal question in the course of resolving the state claims. Can you address whether that route is present in the state claims at issue in this case? Yes, Your Honor. That is always for us the harder one because it is much more amorphous than the first. Absolutely, Your Honor. Here the state claims that are asserted there are three that definitely do not implicate the Assign or Estoppel Doctrine. One is quiet title, one is slander of title and one is unjust enrichment. Arguably unjust enrichment it could be said relates to the breach of contract claim under state law. The breach of contract claim arguably says that Assign or Estoppel is a doctrine whereby it is improper for an Assigner there is a duty on the Assigner to not impugn the validity of a patent. Well, let's take the unjust enrichment. I guess the theory is there was a duty for Dr. Nagata not to make the agreement that he made with Samsung. He breached that duty that duty is created by the Assign or Estoppel Doctrine. That's the theory. Why doesn't that implicate the Assign or Estoppel Doctrine and make it part of that cause of action? For a couple of reasons. First of all, I think that it is not a substantial question of federal patent law. In other words, you don't have a case within a case. This is not where we need the expertise of the federal court in an area such as patent law that is exclusively in the jurisdiction in order to make that determination. I think a state court could readily determine a very small and underlying issue of Assign or Estoppel. My second ground is that here we don't have the grounds for Assign or Estoppel. It hasn't been pled. It does get back into the other portion of the case that I haven't addressed which is, is there even a claim for Assign or Estoppel here at all and what is that? We have an inventor, an Assigner who testifies in a case in which he is not a party and so the only basis for claiming Estoppel is First of all, Estoppel stops a party. It doesn't stop a witness. The only basis it could be is judicial Estoppel. Correct. In fact, Samsung in the underlying case  They had an opportunity certainly to cross-examine Dr. Nagata which is the remedy to the extent that there need be a remedy here It's the crucible of cross-examination. If the facts are as alleged that Dr. Nagata tried to extort money from the plaintiff that Dr. Nagata failing to extort money in fact sold his assistance to Samsung as compared to plaintiff who acknowledges giving Dr. Nagata money but that was okay but when a defendant did it, it wasn't okay that Dr. Nagata sold his assistance that Dr. Nagata lied under oath that he had a reason to do so, the answer to that is cross-examination. Dr. Nagata is a witness. This court has held many times that a witness and a signer may testify as a witness. The issue of Estoppel is against the party not as against the witness. Although judicial Estoppel seems to say that in some instances, if somebody testifies to something one way, they can be stopped from testifying the other way. Absolutely, Your Honor. It goes to the weight of the testimony For example, you can imagine a court saying you signed a declaration saying A and now you want to say B I'm not going to allow you to do that and that would be permissible but what you don't have is a court saying I'm going to let you testify to B you testify to B and then later the plaintiff comes back and sues you in an independent collateral action for doing something that the court permitted That to me seems a bit perverse How are courts to get as a policy matter highly relevant and otherwise admissible testimony when an inventor a non-party inventor who may not have any skin in the action in terms of the outcome of the case and there's been no allegation that Dr. Nagata has any My problem with it is that he's testifying to a fact and I have a real problem with preventing people from testifying to facts I agree, Your Honor I have a real problem with that too I think any court should have a problem with that and I think what the plaintiff is requesting here is a rule of law a claim that would put witnesses in a horrible position of having to wonder whether or not any truthful testimony or testimony they believe is truthful that they give will subject them to later liability and we have a whole body of law that provides that you cannot sue somebody in a collateral action for providing relevant testimony in a judicial proceeding Let me ask the question I asked your opposing counsel In the initial trial did the appellant attempt to prevent testimony based on the estoppel document? The case below between Samsung and SEL did not go to trial I understand I believe that a motion to eliminate was brought You can bring a motion to eliminate Right, and I believe a motion to eliminate was brought I believe the motion was denied the court saying it's going to be a matter of witness credibility which is where it should be I think you've run out of comments, which is fine If that's your case, we will take it and we'll hear Mr. Taggart in rebuttal Thank you There's three points I'd like to make quickly First, the issue of privity We've talked about it both ways Here there are substantial facts that support a finding of privity and the district court cut off SEL without the opportunity to take discovery We have the long time that Dr. Nagata cooperated and made no objection to these various documents that he had signed We have his cooperation with SEL previously We then have his attempt to get money from SEL for his inventorship rights that he had been paid for years earlier and failing that, he turns to the defendant in the next patent case involving one of his patents and gets his money that way It's not a case where an innocent third party has come to court to provide truthful fact testimony Those are not the facts The facts of the First Amendment Complaint are these He came to court, he was paid a substantial amount of money for his lies That's a different situation than those of the facts that are before this panel What authority do you have for the proposition that any of those facts constitute privity? The payment of the money to Dr. Nagata is one of the elements that figures into privity One of the elements that figures into privity i.e. that if somebody is paid, that may be an indication that there is privity, but that isn't enough Experts, people who are paid money they're not in privity with the party They may be in privity In fact, this court has said in Intel in 1991  to support a finding of privity Here we weren't even given discovery of that That's not the same as paying a witness who happens to be We don't know whether Samsung indemnified Dr. Nagata in this case and is paying for this defense even now You're saying we should take as factual the allegations of your complaint Is the payment of indemnity asserted in your complaint? We did not have enough facts to assert that in the First Amendment complaint You didn't say on knowledge and information We didn't have enough to go forward with that allegation as a factual matter in the underlying First Amendment complaint There are two other points that I would like to touch upon First of all, the cases relied upon by the court below and all of the cases discussed by Dr. Nagata are cases that happened at summary judgment or after trial after substantial discovery was taken There were facts sufficient before the court to make decisions in those cases Finally, I would like to come back to the point that you made, Your Honor, regarding the policy reasons Here we have not just the policy reasons that have applied historically but we're on the verge of a new era in the America Invents Act where in three months we'll have a first-to-file rule We're going to have earlier applications for patents We're going to have more declarations, more assignment documents This is not the time for this court to weaken the patent-assigner-estoppel doctrine nor is it the time for this court to endorse what Samsung has done here which is to go out and pay inventors who have assigned their patent rights to come into court and undermine the patents That would send entirely the wrong message at a time when the America Invents Act is launching us into a new age when these documents will become all the more important to have a fully functioning patent system and transactional system Thank you, Mr. Target We will take the case under review All rise The Honorable Court is adjourned for the day today